**In re Charlotte Denise TANKSLEY, Debtor.**

**David R. DUNCAN, Acting U.S. Trustee, Plaintiff,**

**v.**

**Martin GARRETT, et al., Defendants.**

**In re Billy Roger WOOD, Debtor.**

**David R. DUNCAN, Acting U.S. Trustee, Plaintiff,**

**v.**

**Martin GARRETT, et al., Defendants.**

**In re George R. RADER, III and Sandra Dalton Rader, Debtors.**

**David R. DUNCAN, Acting U.S. Trustee, Plaintiff,**

**v.**

**Martin GARRETT, et al., Defendants.**

**In re Cary Thomas TICKLE and Angela Grubbs Tickle, Debtors.**

**David R. DUNCAN, Acting U.S. Trustee, Plaintiff,**

**v.**

**Martin GARRETT, et al., Defendants.**

**In re Frank H. McDANIEL and Karen C. McDaniel, Debtors.**

**David R. DUNCAN, Acting U.S. Trustee, Plaintiff,**

**v.**

**Martin GARRETT, et al., Defendants.**

**In re Carl Lynwood HARVILLE, Debtor.**

**David R. DUNCAN, Acting U.S. Trustee, Plaintiff,**

**v.**

**Martin GARRETT, et al., Defendants.**

**In re Helen Rebecca JONES, Debtor.**

**David R. DUNCAN, Acting U.S. Trustee, Plaintiff,**

**v.**

**Martin GARRETT, et al., Defendants.**

Bankruptcy Nos. 92–02246, 92–01698, 93–00227, 993–00155, 93–00226, 92–01677 and 93–00660.
Adv. Nos. 93–00088A, 93–00089A, 93–00090A, 93–00091A, 93–00092A, 93–00093A and 93–00094A.

United States Bankruptcy Court, W.D. Virginia, Danville Division.

Feb. 28, 1994.

Thomas W. Kennedy, Roanoke, VA, for plaintiffs.

W. Alan Smith, Jr., Trustee.

Henry G. Bennett, Jr., Trustee.

A. Carter Magee, Jr., Trustee.

## *MEMORANDUM OPINION*

WILLIAM E. ANDERSON, Bankruptcy Judge.

Before the court are seven adversary proceedings, each brought by the Assistant United States Trustee for the Western District of Virginia against Martin Garrett, Allan Garrett, and Joe Garrett, all of whom are affiliated with the Garrett & Garrett law firm of Danville, Virginia. In each proceeding, the Trustee requests that the defendants be permanently enjoined from engaging in or aiding the unauthorized practice of law in any bankruptcy case in the Western District of Virginia and that legal fees be returned.

## FACTS

Allan and Joe Garrett are attorneys admitted to practice law in the Commonwealth of Virginia and in the United States Bankruptcy Court for the Western District of Virginia. Their practice is structured as a professional corporation named Garrett & Garrett. Martin Garrett is a paralegal employed by Garrett & Garrett. Garrett & Garrett was re-

tained to file a chapter 7 consumer bankruptcy petition in each of the seven cases in which an adversary proceeding has been filed.

As part of the services provided by the firm, Martin Garrett accompanied several of the clients to the meetings of creditors held pursuant to 11 U.S.C. § 341 and represented their legal interests during the meeting. Neither Allan nor Joe Garrett were present. In some of the cases Martin Garrett signed motions or reaffirmation agreements as "attorney for debtor."

The trustee argues that Martin Garrett's conduct constitutes the unauthorized practice of law and should be enjoined. In the pleadings, he also requested that in any case in which Martin Garrett is found to have engaged in the unauthorized practice of law, Garrett & Garrett be required to refund the legal fees charged. The request for disgorgement was later dropped.

The Garretts argue that the § 341 meeting of creditors is an administrative as opposed to a judicial proceeding and that persons who are not lawyers can represent clients at federal administrative hearings, such conduct not constituting the unauthorized practice of law in Virginia.

## DISCUSSION

The Supreme Court of Virginia defines the practice of law in the Introduction to the Unauthorized Practice Rules and Considerations, in part, as follows:

(B) *Definition of the Practice of Law.—*

.    .    .    .    .

Generally, the relation of attorney and client exists, and one is deemed to be practicing law whenever he furnishes to another advice or service under circumstances which imply his possession and use of legal knowledge or skill.

Specifically, the relation of attorney and client exists, and one is deemed to be practicing law whenever—

(1) One undertakes for compensation, direct or indirect, to advise another, not his regular employer, in any matter involving the application of legal principles to facts or purposes or desires.

(2) . . .

(3) One undertakes, with or without compensation, to represent the interest of another before any tribunal—judicial, administrative, or executive—otherwise than in the presentation of facts, figures, or factual conclusions, as distinguished from legal conclusions, by an employee regularly and bona fide employed on a salary basis, or by one specially employed as an expert in respect to such facts and figures when such representation by such employee or expert does not involve the examination of witnesses or preparation of pleadings.[1]

Virginia Unauthorized Practice Consideration 1–1 then excludes from the definition of tribunal:

. . . a tribunal established by virtue of the Constitution or laws of the United States, to the extent that the regulation of practice before such tribunal has been preempted by federal law . . .

The Garretts argue that regulation of the practice of law at § 341 meetings has been preempted by federal law because (1) the Bankruptcy Code provides for such meetings to be called and presided over by the United States Trustee or his or her designate and (2) the Trustee is appointed by the Attorney General and is an employee of the U.S. Department of Justice. They also rely upon two Unauthorized Practice Considerations which have been promulgated by the Supreme Court of Virginia. One, UPC 9–2 provides, in part, that:

Regulation of the practice of law before federal administrative agencies is the re-

sponsibility of Congress. When Congress grants authority to an agency to prescribe regulations governing the recognition and conduct of a person representing the interest of another before such an agency, the State is preempted from enforcing its own rules of practice while such person is acting reasonably within the scope of the practice authorized by the agency. . . . ;

The other, UPC 9–5 provides, in part, that:

The privilege of practicing before most federal agencies is not restricted to lawyers.

This court does not agree that the regulation of the practice of law at § 341 meetings has been preempted by federal law. Federal law does provide for the Attorney General to appoint United States Trustees who in turn appoint and supervise the panel and standing trustees who administer bankruptcy cases. 28 U.S.C. §§ 581 and 586. And it is true that § 586 specifically provides that the Attorney General may not require that an individual be an attorney in order to qualify for appointment to serve as a standing trustee. This court is not aware, however, of a statute or regulation that addresses the issue of who may appear or participate at the meetings of creditors administered by the panel trustees. The Bankruptcy Code itself does not do so, and the Department of Justice has not adopted applicable regulations.[2] There also are no applicable Federal Bankruptcy Rules or local district or bankruptcy court rules. The Virginia statutes and rules regulating the practice of law are therefore not preempted.

Although there is apparently no Virginia precedent on point,[3] it appears to the court

---

1. Rules of the Supreme Court of Virginia, Part 6, § 1.

2. Specific regulations authorize nonlawyers to practice before agencies such as the Internal Revenue Service. *See, e.g.,* 31 C.F.R. § 10.3 setting forth who may practice before the Service.

3. The Supreme Court of Virginia has approved two Unauthorized Practice of Law Opinions re-

garding bankruptcy proceedings. UPL Opinion No. 58, *effective July 1, 1984, holds that an employee of a corporate debtor who is not an attorney cannot prepare a proposed order to be entered in the bankruptcy proceeding. The opinion also states that:*

A nonlawyer employee of a corporation may represent his employer before a tribunal, including a bankruptcy court, so long as his

that appearing with and representing the interests of a debtor at a § 341 meeting falls within both subparagraphs (B)(1) and (B)(3) of the Virginia definition of the practice of law. Subparagraph (B)(3) defines the practice of law in terms of representing the interests of another before "any tribunal—judicial, administrative, or executive— ..." Although a meeting of creditors held pursuant to 11 U.S.C. § 341 is an administrative, not an adjudicative proceeding, that does not mean that appearance at a creditors' meeting is not an appearance before a "tribunal" as that term is used in the definition. Virginia Unauthorized Practice Consideration 1–1 defines the term "tribunal" to include various state agencies in addition to the state and federal courts. It does not, however, exclude other, non-judicial federal proceedings. Nor does any language in Virginia UPC 9–2 or 9–5 imply that federal administrative proceedings are not to be considered tribunals for purposes of the Virginia definition of the practice of law when the Virginia rules are otherwise applicable.

This court is aware that some courts have found that the examination of the debtor at a § 341 meeting by a person who is a regular employee of a creditor but who is not a lawyer is permitted under the Bankruptcy Code and does not constitute the unauthorized practice of law. *See, e.g., In re Clemmons*, 151 B.R. 860, 862 (Bankr.M.D.Tenn. 1993) and *In re Wittman*, R88–3244, slip op. at 5, 1989 LEXIS 5126 (D.Md.1989). Although these opinions speak in broad terms about the nonadjudicative nature of creditors' meetings, they do not address the question of non-lawyer representation of debtors. To

the extent that *Clemmons* or *Wittman* suggests that the administrative nature of a § 341 meeting precludes representation of a debtor at such a meeting from being considered "representation of another before a tribunal" as that term is used in the Virginia definition of the practice of law,[4] this court disagrees.

Even if representing a client at a § 341 meeting is deemed not to be "represent[ing] the interest of another before any tribunal" for purposes of subparagraph B(3) of the Virginia definition of the practice of law, and this court does not agree that that is the case, such representation nevertheless falls within the conduct set forth in subparagraph (B)(1) of the Virginia definition. As set forth above, subparagraph (B)(1) provides that advising another for compensation "in any matter involving the application of legal principles to facts or purposes or desires" is the practice of law. Appearing with and representing a client at a § 341 meeting unquestionably constitutes such conduct. The debtor is required to be examined under oath at the creditors' meeting, and the Code provides for immunity to be granted when appropriate. 11 U.S.C. §§ 343 and 344. The debtor's testimony at the § 341 can effect his or her rights to exemptions, can result in further investigations, or can result in the initiation of civil or criminal proceedings.

Debtors frequently seek and rely upon the advice of a legal representative at a § 341 meeting. For example, at the Charlotte Tanksley creditors' meeting, Martin Garrett objected to having the debtor answer a question and stated that certain facts did not

---

activities before the tribunal are limited to the presentation of facts, figures or factual conclusions, as distinguished from legal conclusions. He may not engage in activities involving the examination of witnesses, the preparation and filing of briefs or pleadings, or the presenting of legal conclusions.

Similarly UPL Opinion No. 113A, dated August 16, 1988, holds that the cross-examination of a debtor in Bankruptcy Court by an employee of a bank would constitute the unauthorized practice of law.

Neither UPL Opinion No. 58 or No. 113A appears to have involved representation at a meeting of creditors, however.

**4.** Both the *Clemmons* and the *Wittman* opinions cite a Virginia State Bar Association Section for the Unauthorized Practice of Law opinion said to be dated December 4, 1986 for the proposition that a § 341 meeting is not a tribunal. The *Wittman* court goes further and states that the "Committee concluded that the creditors' meeting was not a judicial proceeding; therefore, a non-lawyer representing a corporation could question a debtor at the meeting without engaging in the unauthorized practice of law." *Wittman*, slip op. at p. 9.

This court has been unable to locate an unauthorized practice of law opinion dated December 4, 1986 or one reaching the result described by the *Wittman* court.

constitute substantial abuse justifying dismissal of the case. *See* 11 U.S.C. § 707(b) and Federal Rule of Bankruptcy Procedure 1017(e). In the George A. Rader case, Martin Garrett explained on behalf of his firm and the client why a bankruptcy schedule was not completed appropriately. In the Cary and Angela Tickle case, Mr. Garrett questioned elicited responses regarding the debtors intent to reaffirm certain debts. In the Frank McDaniel case, Mr. Garrett advised the debtor regarding a secured obligation and explained the basis for a valuation figure set forth in the debtor's schedules. In the Rebecca Jones case he answered a question regarding the ERISA status of a retirement plan and answered numerous factual questions for the debtor. In each of these cases, the debtors' legal rights were implicated.

In addition to attending § 341 meetings, Martin Garrett signed a reaffirmation agreement as "debtor's attorney" in the Carl Harville, Jr. case without indicating that he was not an attorney. While indicating that he was a paralegal, he signed still other reaffirmation agreements and a motion to quash garnishment. Mr. Garrett's failure to indicate that he was not an attorney when he signed the Harville reaffirmation was apparently inadvertent. Even when he indicates that he is not an attorney, however, Mr. Garrett should not sign documents if the signature thereon indicates that services have been provided to the client which constitute the practice of law.

## CONCLUSION

Because the court concludes that appearance on behalf of a client at a § 341 meeting constitutes the practice of law in Virginia, an order will be entered permanently enjoining the defendants from allowing a non-lawyer member of the Garrett & Garrett firm from doing so. They will also be enjoined from engaging in any other conduct that constitutes the unauthorized practice of law. The court understands that the Assistant United States Trustee has waived the other relief requested.